It is hard to imagine anyone less popular than a person charged as an SVP, and there are few who are more in need of the protection of our Constitution in this Court. It is not our position that a dangerous person must be released on bail pending an SVP trial. The problem here is that under this law, a person could be of no danger to the community with adequate bail conditions, but the judge would have no power to release that person pending the trial. And there's a huge gap between the probable cause finding that's made and the clear and convincing standard that society is safe with adequate bail conditions. Counsel, we asked you for a status report, and in an ambiguous letter dated November 15, you told us trial on the expired 2002 petition took place in September 2005, but you don't tell us what happened. Oh, yes. Yes. Yes. The jury did sustain the petition. The one of the problems How did that happen? That happened in September of 2005, on the petition that had Why didn't you tell us that when we asked you for a status report? Well, because Never mind. Go ahead. I'm sorry. I apologize. I thought it was When we ask for a status report, we want to know what's going on. Well, I apologize, Your Honor. I thought that it was implicit with the fact that he remained in custody, and I probably should have made that clear. You said he remained in custody on the 2004 petition, a new petition. Well, that's true. Never mind. Go ahead. Yes. Yes, Your Honor. And I apologize for that lack of clarity. But, yes, the jury did sustain the petition. The problem in that case was that the petition had already expired by the time The petition was set to expire in 2004, and the trial didn't take place until 2005. So the bottom line is that he remains in pretrial detention on the remaining petitions. And the trial on the 2004-2006 petition, according to the letter, is set for March. March the 6th. That is correct. That is correct, Your Honor. And that one, if it's sustained, would expire in May of 2006? Excuse me. I'm not sure about the month, Your Honor, but I think it's either March or May. I could get more information. And also, yes, in my letter, I also, you know, offered, you know, in the case that more information was needed, I would be willing to provide that. So if there is any more information that's needed, I am certainly still happy to provide that. There is this large gap. Have you raised anything here other than a claim that the petitioner is entitled to bail? Well, the idea is the issue of pretrial release with adequate bail conditioning. That could include only recognizance, but the idea of pretrial release while one is waiting for the SVP trial. As I read the case, you're not claiming that somehow the delay itself has prejudiced your client. That doesn't seem to be an issue. Am I right? Well, that is – that actually is an issue because in – You didn't make it one in your brief or in the State courts. Well, we did argue that because of the lack of timelines, the lack of meaningful timelines in the State law, as demonstrated by the Orozco Court, which was cited by the briefs, in the briefs, that it results in a perennial, indefinite commitment and a long-term commitment because there aren't any meaningful timelines. That's one of the major problems. That's why in September there was a trial on a petition that had already expired in 2004. The commitment period had already expired in 2004 because there are no meaningful timelines. But a pure delay claim, it was not presented to the California Supreme Court. Is that correct? It's – it's – Is that correct? It's – yes, Your Honor. That's not – that is correct. However, the – Have you gone back to the California Supreme Court in the intervening years? Not on this issue, Your Honor. But the point is, is that because of the nature of the statute, that makes the bail claim all the more compelling. It is part of the problem with the fact that the person is not released on bail pending – pending the trial. And in the Salerno case, the United States Supreme Court held that the person who was released on bail was the one that applied. Well, this isn't a criminal case. That's true. That is true. In fact, does that make a difference? Because the cases that you relied on, including the Salerno case, involves criminal cases. Well, it has to do with pre-trial detention. But also in the cases – in the civil context, in Suzuki v. U.N. and in Jensen v. Lane, this Court applied the – held that there was a greater standard of proof required for civil commitment. And in Addington v. Texas, the Court – the Supreme Court held that the clear and convincing standard applied. What's the constitutional principle you're asking us to focus on that requires bail in a civil commitment procedure? The problem is, is that the lack of bail creates a de facto long-term commitment on – on a mere preponderance of the evidence standard. I'm – I ask you, what's the principle? What section of the Constitution? Well, right now we're focusing on the due process clause. Just flat-out due process, that's all? Yes, Your Honor. I mean, well, there's also – we also raised the Eighth Amendment. But at this point in the argument, I'm focusing on the due process clause. And what case – what due process case demands bail in a civil commitment procedure? There – well, there is no specific case that – that does it. This would be, you know, the case, I suppose. There hasn't been a case that has clearly recognized that. But the cases do recognize that the clear and convincing standard is necessary for civil commitment, especially – well, in Suzuki v. U.N., it was only a five-day commitment. And – and a person under the SVP law can be held indefinitely in pretrial confinement on a mere preponderance of the evidence standard. Is that issue included in the Certificate of Appealability, the due process issue? I'm sorry. Is the due process issue that you just articulated included in the Certificate of Appealability? I believe it is, Your Honor. Well, the certificate says, Question is whether an individual awaiting renewed civil commitment procedure is entitled to bail pending the recommitment proceedings. Yes, Your Honor. Yes, Your Honor. I don't hear due process anywhere in there. I hear bail. I don't hear due process. Well, but the district court in its decision – in its decision decided that question of bail on the grounds of due process and on the Eighth Amendment. And so that statement of appealability relates to the district court decision that's being appealed. Is that not correct? Well, there can be a lot of decisions entered by a district court. I only see one of them that's included in the Certificate of Appealability. And that's the bare question of bail pending civil commitment proceedings. That is correct. But the district court decision addressed the right to bail on the basis of the due process clause and on the basis of the Eighth Amendment. And so it's not explicitly stated in the Certificate of Appealability, as you have just read. But it is the basis of the district court's opinion. And would you like to save the balance of your time for rebuttal? Yes, Your Honor. Thank you. Good morning. May it please the Court. Muna Nandy for Appellee Babcock. This case raises the question of whether an SVP awaiting trial is entitled to an individualized bail determination as a matter of constitutional law. And the primary argument raised by appellant is that it violates the due process clause. Picking up on Judge Nelson's question, do you read the Certificate of Appealability as encompassing a due process claim? It explicitly only refers to bail. And certainly an argument could be made that it only encompasses that. The district court did address the due process claim. And we, therefore, did read it to encompass both of the grounds addressed by the district court. The question under due process is whether denial of bail or denial of a determination of bail violates a fundamental principle of justice. And it's Johnson's burden to show that that failure violates such a fundamental principle. And the courts have said that in looking to see whether there is a fundamental principle, you look at historical practice. And yet Johnson has failed to identify any historical practice of releasing SVPs or any other civil committees awaiting trial on bail pending on bail. And the very few cases that have addressed this issue have uniformly found the practice to be constitutional. Those cases which are cited in our brief are Atwood, Knapp, and Martin. In the reply brief, Johnson notes that Blackstone has said that in civil cases, every defendant is bailable. But that statement refers to civil actions, that is, actions addressing private wrongs between individuals, which at the time of Blackstone permitted for civil arrest and the posting of bail. It did not address civil commitment, which at the time of Blackstone, even that issue was addressed in Book I of Blackstone, which refers to the rights of person. And it does talk about the king's ability to take so-called lunatics into custody, and it does not refer to any kind of right of bail. So there is no historical practice at issue here. Courts have also looked at balancing the SVP cases to a timely disposition. At the end of your brief, you make a statement that the State acknowledges that there's been substantial problems in bringing these SVP cases to a timely disposition. Delay has been an issue, yes. All right. Why is that? The SVP statute is still relatively new, and at the time that it was enacted, there was no money provided for extra courtrooms or extra judges. Why do you need extra judges and extra courtrooms just to get these cases to try? Well, because criminal trials have been given priority, and so it's a burden on the system. And because there are no timelines in the SVP statute, that has been an issue as well in terms of courts giving priority to criminal cases. However, since that time, in Johnson's own case, there was a State case. As counsel acknowledged here, in this particular case, there isn't a pure delay claim that's raised. That's right. There's not. But do you think that it could reach a point, if the delay is so extensive, that there would be a due process violation? I think that a person could raise a due process claim if they demanded trial and there was an unjustifiable delay. I think that is an issue that could be raised by someone. It has not been raised by Johnson, and the delays in this case have been addressed. In the State court case which was published, talking about the permissibility of consolidating recommitment petitions, the Court noted that that delay has been a problem and it granted him relief. It granted him the right to a trial forthwith. And since that time, that writ came down in January of 2005, and since that time he has gotten his trial. They brought him back to court in March. As Judge Nelson noted, though, the trial actually took place after the two-year period had expired. Yes, that's true. Does that go back retroactive and validates his commitment? Is that what happens? Well, what happens is then you get to go on to the next one, basically. I'm sorry, I didn't hear you. You get to what? You get to go on to the next one. If that petition was found not true, then that would stop the process. You wouldn't be able to go on to the 2004 commitment. So that's why it was important to go ahead and have that trial. We did talk about that in the State Court, about what happens if he's committed, then the time is over. And the State Court acknowledged that it couldn't give him back his time, but it could give him his separate trial that he was entitled to, and it did give him that trial. And now he has been found, probable cause has been found on the 2004 petition. That was only two months ago. And so he's being held on a current finding of probable cause that he is mentally ill and dangerous and likely to engage in sexually violent acts against the public if he's released. And that is the equivalent of an individualized bail determination, even though they don't call it in those terms. And that was on a preponderance of the evidence standard, correct? Probable cause, yes. The cases relied on by appellant for the proposition that a higher burden is required do not apply. As Your Honor pointed out, the Salerno case was a criminal case, and it is wholly inapposite to statutory schemes addressing civil commitment of mentally ill and dangerous people. In a criminal case, a finding of probable cause means just that the person committed a crime in the past. In a SVP case, a finding of probable cause there's a past crime component that they have committed two crimes in the past of a sexually violent nature, but there's also a present time component that they are mentally ill right now and a future time component that they are likely to commit future acts of sexual violence in the future. And furthermore, as the district court pointed out, unlike a criminal case, bail is not going to deter an SVP from reoffending because by definition he is unable to control his behavior. He has serious difficulty controlling his behavior. So bail makes no sense in this situation. Unless the Court has further questions about our position, I'm prepared to submit the case. Thank you. Thank you. The problem with assuming that bail would be no deterrent is that it actually prejudges the petition. And the fact also is that there's... That's kind of a problem, though. In bail, you don't presume anything. It's the other way around, even in bail cases. Well, that's true. But the district court said that, you know, that with an SVP, they're so unable, they're unable to control themselves, so bail wouldn't help. Well, the problem is that there's no individual finding. That may be true in some cases. Everything you say is right, but you still have to go back to some basic principle of constitutional law that demands that your client be given a bail hearing in this context. And I've been unable to find one. What's the last case you want me to read before I sign off on this case? Well, it's the combination of cases which would be Addington, Suzuki v. Yen, Jensen v. Lane, and Salerno. Whether it be criminal or civil, that a person, there needs to be more than a probable cause finding to sustain an indefinite commitment. And the statute that that Mr. Johnson was being held in when he challenged his lack of bail was a statute  and that allows him to be held in bail to the, you know, held in pretrial confinement to this day without bail. So that would be the essence of our argument. Unless there are any other questions, I would submit the case. Okay. Thank you. The matter will be submitted.
judges: Trott, T.G. Nelson, Paez